# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                        Case No. 4:14-cr-00121-02 KGB

MARJORIE LEE                                                             DEFENDANT

## ORDER

Defendant Marjorie Lee was convicted of conspiracy to commit sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(e)(2) and 18 U.S.C. § 371 and was sentenced to 24 months of imprisonment, three years of supervised release, and a $100.00 special assessment. On February 23, 2016, the Court entered a judgement and commitment, which ordered, among other things, that Ms. Lee be monitored by location monitoring for six months and abide by all technology requirements. Further, the Court ordered Ms. Lee to pay all the costs or part of the costs of participation in the location monitoring program as directed by the Court and by pretrial services or the United States Probation Office (Dkt. No. 92).

Ms. Lee's supervised release commenced on January 20, 2017. The Court modifies Ms. Lee's current conditions of supervised release to provide for the following:

> Ms. Lee shall be monitored by GPS, including hybrid GPS, in the Western District of Arkansas until August 2, 2017. She shall abide by all technology requirements. Ms. Lee shall pay all or part of the costs of participation in the location monitoring program as directed by the United States Probation Office. This form of location monitoring technology shall be utilized to monitor the following restriction on Ms. Lee's movement in the community as well as other court-imposed conditions of release: Ms. Lee is restricted to her residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer (Home Detention).

The Court has the authority to make modifications to the terms of supervised release pursuant to 18 U.S.C. § 3583(e)(2) and Federal Rule of Criminal Procedure 32.1. *See United*

*States v. Navarro-Espinosa*, 30 F.3d 1169, 1171 (9th Cir. 1994) (finding that the deadline for correcting a sentence provided by Federal Rule of Criminal Procedure 35 does not apply to modifications made to the terms of supervised release). In accord with Federal Rule of Criminal Procedure 32.1, Ms. Lee has knowingly and voluntarily waived her right to a hearing prior to the Court's ordering this modification.

All other conditions of supervised release previously set by this Court remain in effect (Dkt. No. 92).

It is so ordered this 16th day of May, 2017.

                                                 Kristine G. Baker
                                                 United States District Judge